Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000781
17-JAN-2012
08:17 AM

NO. CAAP-11-0000781

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BG INCORPORATED, a Hawai'i corporation,
BRYAN FUNAI, and CYNTHIA J. FUNAI,
Plaintiffs/Counterclaim-Defendants/Appellees,
and
BARBARA SUMIDA, STANLEY UNTEN, et al.,
Defendants/Cross-Claim Defendants/Appellees,
v.
P.F. THREE PARTNERS, Defendant-Appellant,
and
WILLIAM S. ELLIS, JR,
Defendant/Counterclaim-Plaintiff/Cross-Claim Plaintiff/Appellant,
and
UPLAND INVENSTMENTS, LTD. and OLINDA LAND CORPORATION,
Defendants/Cross-Claim Defendants/Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 05-1-0232(2))

ORDER
(1) DENYING THE NOVEMBER 30, 2011 MOTION
TO REMAND FOR LACK OF APPELLATE JURISDICTION
WITH DIRECTIONS TO VACATE PARTIAL FINAL JUDGMENT
AND
(2) DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of (1) Defendant/Counterclaim-Plaintiff/
Cross-Claim Plaintiff/Appellant William S. Ellis, Jr.'s
(Appellant Ellis) November 30, 2011 motion to remand for lack of
appellate jurisdiction with directions to vacate partial final

judgment, (2) Defendant-Appellant P.F. Three Partners' December 1, 2011 joinder in Appellant Ellis's November 30, 2011 motion to remand for lack of appellate jurisdiction with directions to vacate partial final judgment, (3) Plaintiff/Counterclaim-Defendant/Appellee BG Incorporated's December 2, 2011 memorandum in opposition to Appellant Ellis's November 30, 2011 motion to remand for lack of appellate jurisdiction with directions to vacate partial final judgment, and (4) the record, it appears that we lack jurisdiction over the Honorable Shackley F. Raffetto's July 19, 2011 partial final judgment and December 21, 2011 final judgment, because neither the July 19, 2011 partial final judgment nor the December 21, 2011 final judgment satisfies the specificity requirements for an appealable final judgment in a case with multiple claims under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). "Every judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76

Hawai'i at 119, 869 P.2d at 1338.

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Id. (emphases added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $_____ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added). When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to case upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). A judgment that does not specifically identify the claim or claims on which it enters judgment requires an appellate court to search the often voluminous record on appeal in order to determine the specific claim or claims on which the circuit court intends to enter judgment. As the Supreme Court of Hawai'i has explained, "we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58." Id. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the

finding necessary for certification under HRCP [Rule] 54(b)."
Id. (emphasis added).

Although multiple parties in this consolidated case have filed multiple complaints with multiple claims, multiple counterclaims with multiple claims, and multiple cross-claims with multiple claims, the July 19, 2011 partial final judgment and December 21, 2011 final judgment purport to enter judgment "on the title claims in this [a]ction" without specifically identifying the count or counts in the multiple complaints, multiple counterclaims and/or multiple cross-claims on which the circuit court intends to enter judgment. Therefore, neither the July 19, 2011 partial final judgment nor the December 21, 2011 final judgment satisfies the specificity requirements for an appealable judgment under HRCP Rule 58 and the holding in Jenkins.

Absent the entry of an appealable judgment, this appeal is premature, and we lack appellate jurisdiction over appellate court case number CAAP-11-0000781.

> Jurisdiction is the base requirement for any court considering and resolving an appeal or original action. Appellate courts, upon determining that they lack jurisdiction[,] . . . shall not require anything other than a dismissal of the appeal or action. Without jurisdiction, a court is not in a position to consider the case further.

Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai'i 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994). Accordingly,

IT IS HEREBY ORDERED that Appellant Ellis's November 30, 2011 motion to remand for lack of appellate jurisdiction with directions to vacate partial final judgment is denied.

-4-

IT IS FURTHER HEREBY ORDERED that Appeal NO. CAAP-11-0000781 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 17, 2012.

Chief Judge

Associate Judge

Associate Judge